## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | **CASE NUMBER 6:21-CR-00068-JDK** |
| **v.** § | |
| § | |
| § | |
| **KEVIN MICHAEL BRUCE,** § | |
| § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 21, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kevin Michael Bruce. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt.

Defendant originally pled guilty to the offense of Possession of Child Pornography, a Class C Felony. The United States Sentencing Guideline range for these offenses, based on a total offense level of 33 and a criminal history category of III, was 168 to 210 months. The offense carried a maximum imprisonment term of 20 years. On October 5, 2011, District Judge Xavier Rodriguez of the Western District of Texas sentenced Defendant to 132 months imprisonment followed by a twenty-five year term of supervised release, subject to the standard conditions of release, plus special conditions to include mental health treatment, sex offender aftercare, reside in residence approved by U.S. Probation, prohibited contact with minors, prohibited from internet-capable devices, computer monitoring, prohibited from circumventing computer monitoring software, prohibited from purchase, possession, or use of digital cameras, digital recorders, or any

other type of recording or photographic equipment, prohibited from viewing sexually explicit material, sex offender registration, sex offender search, and a $100 special assessment. Defendant has since had his supervised release revoked on August 4, 2023. On January 30, 2024, Defendant completed his term of imprisonment and began service of his second and current term of supervision.

Under the terms of supervised release, Defendant was required to refrain from owning or using any device that can be connected to the internet. In Allegation 6 of its petition, the government alleges that Defendant violated the conditions of his supervised release when he admitted to possessing and accessing several unauthorized internet capable devices on February 16, 2024. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing internet capable devices, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 6 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 11 months imprisonment, with ten years supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 11 months imprisonment, with ten years supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas. The

parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 21st day of August, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE