**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 6:21-CR-00068-JDK-JDL-1** |
| **v.** | § | |
| | § | |
| | § | |
| **KEVIN MICHAEL BRUCE,** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On June 9, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kevin Michael Bruce. The government was represented by James Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by David Barlow, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of III, was 168 to 210 months. On October 5, 2011, U.S. District Judge Xavier Rodriguez of the Western District of Texas sentenced Defendant to 132 months imprisonment followed by a 25-year term of supervised release subject to the standard conditions of release, plus special conditions to include participation in sex offender treatment, no association or contact with minors, residing in an approved residence, no possession or use of a computer with access to any online computer services (including employment services), participation in mental health treatment, not residing within 1,000 feet of any child safety zone areas, abiding by the Sex Offender Registration and

1

Notification Act, and payment of a $100.00 special assessment fee. The court sentenced Defendant below the advisory guideline range pursuant to 18 U.S.C. § 3553(a)(1) and 18 U.S.C. § 3553(a)(2)(A)–(B).

On December 12, 2019, the terms of Defendant's supervision were modified to include participation in a sex offender treatment program and abiding by the program rules to include polygraph and other testing; participation in a combination of psychiatric, psychological, or mental health treatment until discharged, which included the taking of any prescribed mental health medication; restrictions on purchasing, possessing, or having contact with devices such as cellular telephones with photographic capability as well as cellular telephones or other devices with internet access capability; and a prohibition on possessing or viewing any images in any form of media or in any live venue that depicts sexual conduct as defined under 18 U.S.C. § 2256(2)(A). On May 25, 2020, Defendant completed his period of imprisonment and began service of his supervision term in the Western District of Texas.

On September 1, 2021, jurisdiction over Defendant's case was transferred to the Eastern District of Texas. On December 1, 2022, the terms of Defendant's supervision were modified to include the incorporation of computer monitoring software on to any authorized devices; and a restriction on any attempt to remove, tamper with, or in any way circumvent the monitoring software. Defendant was also required to disclose all online account information, including usernames and passwords, to the U.S. Probation Office.

On August 4, 2023, Defendant's term of supervised release was revoked, and he was subsequently sentenced to a 6-month term of imprisonment with a 10-year period of supervised release to follow. On January 30, 2024, Defendant completed his term of imprisonment and began service of his second supervision term in the Eastern District of Texas, Tyler Division. On August

23, 2024, Defendant's term of supervised release was revoked, and he was subsequently sentenced to an 11-month term of imprisonment followed by a 10-year term of supervised release. On January 21, 2025, Defendant completed his period of imprisonment and began service of his third and current supervision term in the Eastern District of Texas, Tyler Division.

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about May 12, 2026, when Defendant committed the offense of Possession of Drug Paraphernalia in Panola County, Texas. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of Possession of Drug Paraphernalia in Panola County, Texas, Defendant will have committed a Grade C violation. U.S.S.G. § 7C1.1(a). Upon a finding of a Grade C violation, the court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of III, the guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7C1.5.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition prohibiting Defendant from committing another federal, state, or local crime, asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 11 months with an 8-year period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted and that he be imprisoned for 11 months with an 8-year period of supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville,

TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 9th day of June, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE